## In re APPLEY.

(Supreme Court, Special Term, New York County. April, 1894.)

TRUSTS—POWER OF SUBSTITUTED TRUSTEE.

Where an order is entered with the consent of the cestui que trust, directing the trustee to pay a part of the income of the trust estate to the wife of the cestui que trust, a substituted trustee will, on the application of the wife, be ordered to make such payment, and notice to the husband is not necessary.

Application by Mary Appley to compel Joseph Bird, as trustee of the estate of Jacob A. Appley, deceased, to pay petitioner certain sums of money due her under an order of court. Granted.

J. & W. Shrady, for petitioner.
Treadwell Cleaveland, opposed.

O'BRIEN, J. This application is to compel Joseph Bird, trustee of the estate of Jacob Appley, deceased, to pay Mary Appley certain sums of money due her, under an order of this court, from the estate. An order of this court made on the 18th day of May, 1878, shows that the petitioner here applied to the court for a sufficient portion of the income of such estate, upon the ground that she was the lawful wife of Jacob A. Appley, whose father, Jacob Appley, having died, left a will by which he directed his executors to pay to such son the balance of the income, rents, issues, and profits, after

deducting certain annuities, etc., during his life, for the support of himself and family, which will was duly admitted to probate. The order further recites the fact that Edward Schell, since deceased, was appointed the trustee under such will, and was in possession of the estate, real and personal. Proof of the service of the papers on which the application was based upon Jacob A. Appley, the petitioner's husband, is recited, who appears by counsel, and consented to the order. It was further adjudged and decreed that the wife was entitled to be paid a reasonable sum of money out of such income belonging to her husband, for her support; and the amount which she was to receive having been fixed, and consented to by Jacob A. Appley, it was directed that such sums should be paid by Edward Schell, trustee, which order, from that time until the death of Edward Schell, in December, 1893, was complied with. Joseph Bird, after the decease of Edward Schell, was duly appointed trustee in his place and stead, and, out of abundant caution, he expressed reluctance to comply with terms of the order, because it was thereby provided that "Edward Schell, trustee," should pay. The amount to be paid, as directed by the order, since 1880, was $250 on the first days of February, May, August, and November in each year during the lives of said Mary Appley and her husband. The amount of the net income from the date of the order up to the present time appears to have been considerably in excess of the sum of $10,000 a year; so that, if the question were open or undetermined, the provision made was by no means unreasonable. The refusal of Joseph Bird, as trustee, to pay, necessitated this application by the wife to this court to have the order enforced.

It appears that the petitioner, the trustee, and the estate are within the jurisdiction of the court, but that for some five years past the husband has resided in New Jersey. In addition to service upon the trustee, the order to show cause directed that notice of the application should be given to the husband by delivering a copy of the motion papers to him, in New Jersey. The fact that service, as provided in the order, was directed to be made upon the defendant, personally, without the state, is made the basis of an application upon the part of the husband's attorney (who appears specially for the purpose) to set aside the service upon the ground that there is no authority for such service. If the husband's presence were necessary to confer jurisdiction upon the court, or if his presence were absolutely necessary to make the order asked for, then there might be some force in the suggestion that, as there is no provision of law made for such service as herein made, it was insufficient and void. By this petition, however, it is not sought to initiate any proceedings, nor to confer jurisdiction upon the court, nor was the order intended to bring the husband within the jurisdiction. It was intended to give him actual notice of the application, which it has accomplished. The order made by the court in 1878, which it is now sought to enforce, was concededly made when the court had jurisdiction, and after appearance and consent by the husband. The order, moreover, was not a direction to Mr. Schell personally, but was a direction to him, as trustee, to pay these amounts; and

upon his death, and the substitution of Mr. Bird, it would have been entirely proper for the latter, without any order of the court, to have continued to pay, as trustee, pursuant to such order. Deeming it, however, proper, for his own protection, that the court should assume the responsibility of authorizing him to make the payment, and having refused, upon demand, to pay the wife, she presented her petition, as she had a right to do; and upon the return the trustee submits himself to the court, without making any opposition to the application. So far, therefore, as the husband is concerned, his presence was not at all necessary; but the court, upon the papers being presented, concluded that it would be better that he should have actual notice of the application, which, as shown, he has received, because he appeared by attorney for the purpose of setting aside the service. The direction for service upon him cannot affect the validity of the order to be entered, but was made as a matter of favor, and was not a matter of right, or at all necessary or essential to confer jurisdiction upon the court. My conclusion, therefore, is that, with or without notice to the husband, the court, upon the application of the petitioner and notice to the trustee, has authority to make the order asked for, and that the application should be granted.